## The People of the State of Illinois, ex rel., Plaintiff in Error, v. John L. Kirkpatrick, Defendant in Error.

1. RESIDENCE—*how question of determined.* The intent of a party forms a large element in fixing his residence. Such intent can only be determined by the acts and declarations of the person. If, however, such acts and declarations are inconsistent, the acts will control.

2. MUNICIPAL CORPORATIONS—*when alderman disqualified.* A person elected as alderman is not eligible to serve if at the time of his election he was not, and for one year prior thereto had not been, a resident of the ward for which he was elected.

Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1911. Reversed. Opinion filed October 20, 1911.

RICHARD S. DYAS, FRANK E. SHOPP and ALBERT C. ANDERSON, for plaintiff in error.

H. S. TANNER and FRANK T. O'HAIR, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an information filed by the state's attorney of Edgar county, charging that the defendant was unlawfully usurping the office of alderman of the first ward in the city of Paris; that said defendant based his right to said office upon an election for alderman held on April 19, 1910; that the said defendant had not

been a resident of the city of Paris for one year next preceding the said date, and was therefore ineligible for said office; that although so ineligible, the defendant took the oath of office, and was then acting and claiming to be an alderman as aforesaid. The petition prays that the defendant show by what authority he exercises the right to said office.

A general demurrer to the information was overruled, and the defendant interposed a plea thereto, alleging that he was an elector of said ward in said city of Paris on April 19, 1910, the date of his election, and that he had resided in said city more than one year next prior to said election. Replication was filed to said plea, and upon the issue thus formed the cause was tried by a jury. At the close of the evidence a motion to direct the jury to find the issues in favor of the People was overruled, and the jury found the issues for the defendant. Judgment was entered in favor of the defendant and against the People in bar of action and for costs.

The evidence shows that Kirkpatrick, prior to June, 1907, was a resident of and a legal voter in the city of Paris, residing in the fourth ward; that during that month he removed to his farm outside of the limits of said city, where he continued to live until February, 1910, when having sold his farm, he returned with his family to the city and took up his residence in the first ward; that on April 19, 1910, he was elected to the office of alderman in said ward and on May 2, 1910, took the oath of office, and that since said time he had been acting as alderman. It appears from the testimony of the respondent that he lived in the fourth ward, and in the spring of 1907, together with his wife, moved from that ward to a farm which he purchased in 1906; that he lived in a tenant's house until the tenant moved out, and then in the principal house; that he owned no property in Paris, having sold his home,

except some vacant lots in the first ward, which were still vacant; that all the time he was living on the farm he claimed to be a citizen of the second ward, in which he had not resided when he moved out to the farm; that he did not claim residence in any particular ward but claimed it ''generally'' in the second ward, but didn't know where; that while he lived upon the farm in 1907, he bought groceries in Paris and took them out home; that he had no place he called home in Paris during that time; that when there he stopped with relatives or friends, and always returned ''home'' as he termed his residence on the farm; that he had an intention some time of returning to Paris, but did not know when he would return if ever he did; that if he could sell the farm at a profit he intended to return to Paris.

The intent of a person forms a large element in fixing his residence. Such intent can be determined only by the acts and declarations of the party. If, however, such acts and declarations are inconsistent, the former must control. There is no evidence other than the declarations of the defendant, tending to show that he retained his residence in the city. His acts all showed the contrary, and were inconsistent therewith.

Paragraph 33 of the Cities and Villages Act, Rev. Stat. (1909) p. 339, provides that ''No person shall be eligible to the office of alderman, unless he shall be a qualified elector and reside within the ward for which he is elected * * *.'' Paragraph 77 of the same act provides that ''No person shall be eligible to any office who is not a qualified voter of the city or village and who shall not have resided therein at least one year next preceding his election or appointment.'' Rev. Stat. (1909) page 350. It is urged by the defendant that inasmuch as paragraph 33 is a particular Statute, it must govern to the exclusion of paragraph 77, which is general in its nature. Both of the paragraphs in question were enacted at the same time, in 1872, and must be

construed together if possible. It is provided by paragraph 72 of said act, that the mayor and members of the city council shall be regarded as officers within the meaning of the act. It must therefore be held to apply to all officers without exception other than the city attorney and city engineer. It certainly relates to the office of mayor, because there is no other section of the act prescribing the qualifications for such office. We think that such paragraph is applicable to the office of alderman. There is no inconsistency between the same and paragraph 33, which merely requires that in addition to the qualifications prescribed by paragraph 77, aldermen shall reside in the ward for which they are elected.

The theory upon which the cause was tried in the circuit court, to wit: that the defendant, in order to be eligible to the office of alderman, must have been a resident of the city for at least one year prior to his election, was therefore the proper one. We are of opinion that the jury were clearly unwarranted by the evidence in finding this issue in favor of the defendant, and think the court should have directed a verdict in favor of the plaintiff at the close of all the evidence.

The clerk will incorporate in the judgment of this court the finding that the defendant had not been a resident of the city of Paris for one year next preceding the date of his election to the office of alderman, on April 16, 1910.

*Reversed.*